# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PEDRO CISNEROS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LAS ASADAS DMG LLC | ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Pedro Cisneros, by and through his attorneys, for his Complaint against Las Asadas DMG LLC (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay Plaintiff federal and state mandated minimum wages and overtime wages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4. Plaintiff Pedro Cisneros resides and is domiciled in this judicial district.

5. Plaintiff Pedro Cisneros is a former employee of Defendant. During the course of his employment, Plaintiff Pedro Cisneros handled goods that moved in interstate commerce and performed non-exempt work.

6. Defendant Las Asadas DMG LLC (hereinafter "Las Asadas") is a corporation doing business within this judicial district. Defendant Las Asadas is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant Las Asadas was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

8. Defendants operate six restaurants throughout this judicial district.

9. The restaurants operate as a unified operation and common enterprise with a common business purpose.

10. The restaurants share supplies, including but not limited to, vegetables, meat, and napkins.

11. The restaurants also share employees.

12. Plaintiff worked at teh 3834 W. 47th Street, Chicago, Illinois location and the 8863 Ogden Avenue, Brookfield, Illinois location.

13. Plaintiff Pedro Cisneros worked as a cook for the Defendants.

14. Plaintiff Pedro Cisneros worked for Defendants from November 2012 to November 13, 2016.

15. Plaintiff Pedro Cisneros typically worked 6 days per week from 10 am to 8 pm.

16. Throughout his employment, Defendants failed to pay Plaintiff the Illinois mandated minimum wage.

    a. For the week ending on October 30, 2016, Plaintiff was paid a total of $480 and worked 60 hours that week for an hourly rate of $8.00 per hour ($480/ 60 hours). See Pay Stub dated November 4, 2016 attached hereto as Exhibit A.

17. Defendant failed to pay Plaintiff overtime wages at a rate of one and one half times his regular rate for all hours worked over 40 in a workweek.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

18. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff.

19. Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

20. Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

22. Plaintiff was directed by Defendant to work, and did work, in excess of 40 hours per week.

23. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

24. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

25. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Other similarly situated employees have likewise performed non-exempt work for Defendant, but Defendant failed to pay them overtime wages for work performed in excess of 40 hours per week.

27. Department of Labor regulations, at 29 CFR Part 516, requires employers to maintain and preserve payroll or other records that reflect, for each employee, *inter alia*, the hours worked each workday and total hours worked each workweek; and in any workweek in which overtime compensation is due, the employee's regular hourly rate of pay, the total weekly straight-time wages and premium pay for overtime hours.

28. Defendant violated 29 CFR Part 516 by failing to keep and maintain accurate and complete time and pay records.

29. Defendant willfully violated the Fair Labor Standards Act.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

- A. A judgment in the amount of one and one-half times the Illinois minimum wage rate for all time Plaintiff worked in excess of 40 hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorneys' fees and costs incurred in filing this action; and

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully

set forth herein.

30. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

31. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

32. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

33. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

34. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

35. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

36. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

37. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.    A judgment in the amount of one and one-half times the Illinois minimum wage rate for all time which Plaintiff worked in excess of 40 hours per

week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

38. This count arises from Defendant's violation of the IMWL for Defendants' failure and refusal to pay Plaintiff state-mandated minimum wages for all worked.

39. During the course of his employment with Defendant, Plaintiff was not compensated at the Illinois minimum wage rate.

40. Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

41. Defendant failed to pay the Illinois minimum wage for all time worked.

42. Defendant's failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

43. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.    A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs of this action as provided by the

Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: January 6, 2017 **PEDRO CISNEROS**

By: /s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC #6310896)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, IL 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com